Neil E. Schwartz, Bar No. 215002
**Law Offices of Neil E. Schwartz**
730 21st Street
Bakersfield, CA 93301
(661) 326-1122 Telephone
(661) 748-1929- Fax
nschwartz@bakersfieldbankruptcy.com E-Mail

Attorney for Plaintiff
**Julie Black**

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>JULIE BLACK,<br><br>    Debtor.<br><br>―――――――――――――<br><br>JULIE BLACK,<br><br>    Plaintiff,<br><br>v.<br><br>Department of Education/Aidvantage,<br><br>    Defendant. | Case No: 2023-12573<br><br>Chapter 7<br><br>**DEBTOR'S COMPLAINT TO DETERMINE DISCHAGEABILITY OF STUDENT LOAN DEBTS UNDER 11 U.S.C. SECTION 523(a)(8) BASED ON UNDUE HARDSHIP**<br><br>**Status Conference:**<br>Date:   TBD<br>Time:   TBD<br>Place:  United States Bankruptcy Court |

     COMES NOW Debtor and Plaintiff, JULIE BLACK (hereinafter "Plaintiff" or "Debtor"), by and through her attorney of record, NEIL E. SCHWARTZ, hereby files the instant adversary proceeding against Department of Education/Aidvantage (hereinafter "Defendant" or "Creditor") to determine the dischargeability of certain student loans based upon undue hardship.

**JURISDICTION**

1. That this is an adversary proceeding of JULIE BLACK.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334. This matter is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(b).

3. Plaintiff is the debtor in this underlying Chapter 7 bankruptcy case filed on November 17, 2023, as Case Number 2023-12573 in the United States Bankruptcy Court of the Eastern District of California, Fresno Division, and Plaintiff's discharge was entered on March 11, 2024.

4. Plaintiff is a resident of the State of California, county of Kern as she has resided in this district for at least the past 180 days.

5. Defendant is a creditor in the underlying bankruptcy case and is an entity that is headquartered in Washington, D.C., and which is doing business in California.

**PRELIMINARY ALLEGATIONS**

6. Plaintiff is indebted to the Defendant in the total amount of **$13,529.00** for student loans disbursed by Defendant related to Plaintiff's attendance at Milan Institute (referred to as "Student Loan Debt").

7. On or about July 2022, Plaintiff ultimately earned a Degree from Milan Institute.

8. Plaintiff believes and alleges that there were intentional misrepresentations and omissions by Milan Institute prior to her enrollment.

9. Plaintiff believes that the institute misled her during the application process.

10. Plaintiff also believes she was misled on the employment prospects, earnings and demand for graduates in her field.

11. After graduating in 2022, Plaintiff went through numerous job prospects and ultimately began working for her current employer soon thereafter. Plaintiff has been employed with the same employer for the past 2 years.

12. Plaintiff's income has been and is projected to remain well below the Median Household Income for a family of three in the State of California ($97,021.00) pursuant to the U.S. Census Bureau ("Median Household Income"). In 2021 and 2022, Plaintiff's income never came close to the California Median Income.

13. At the time of filing, Plaintiff's annualized income was $45,429.12, just over half the Median Household Income.

14. In 2022 as of the date of filing of the instant bankruptcy case, Plaintiff earned $43,997.00.

15. In 2021, Plaintiff earned $34,023.00 and in 2020, Plaintiff earned $52,622.00.

16. Plaintiff has been on an income contingent repayment plan ("ICR Plan") and has not been required to tender any payments over the past two years as a result of the ICR Plan.

17. Plaintiff's future financial resources are no different than her current and past financial resources. It is unlikely that Plaintiff will ever be able to have the proper credentials to earn what was promised to her by the institution.

18. Plaintiff's reasonable living expenses demonstrate that she is living frugally.

19. The payment required by Plaintiff's ICR Plan clearly demonstrates Plaintiff's inability to repay the Student Loans.

20. On November 17, 2022, the U.S. Department of Justice announced a fairer and more accessible bankruptcy discharge process for student loans.

21. Plaintiff believes she is a candidate for the discharge of her student loans under this new guidance and requirements.

22. Plaintiff is prepared to complete the Attestation Form required as a part of the new guidance and requirements.

## FACTS

23. Plaintiff is a single 39-year-old woman and a mother of a young child aged 4.

24. Plaintiff has been employed as an Accounts Receivable at Global Logistics for the past year.

25. Plaintiff is indebted to the Defendant in the total amount of **$13,529.00** for student loans disbursed by Defendant related to Plaintiff's attendance at Milan Institute (collectively referred to as "the Student Loan Debt").

26. On or about July 2022, Plaintiff ultimately earned a degree from Milan Institute.

27. Plaintiff is the Debtor in this underlying Chapter 7 bankruptcy case filed on November 17, 2023 as Case Number 2023-12573 in the United States Bankruptcy Court of the Eastern District of California, Fresno Division, and Plaintiff's discharge has yet to be entered.

28. At the time of filing, Plaintiff's annualized income was $53,154.12, approximately $10,000 less than Median Household Income for her household size.

29. As of the date of filing of the instant bankruptcy case, Plaintiff's year-to-date gross income was $46,729.87.

30. In 2021, Plaintiff earned $20,410.00 and it does not appear to be increasing soon.

31. Plaintiff has been participating in an income contingent repayment plan ("ICR Plan") since she started working in 2017 and has not been required to tender any payments over the past two years as a result of the ICR Plan.

32. Plaintiff's future financial resources are no different than her current and past financial resources. It is unlikely that Plaintiff will ever be able to have the proper credentials to earn what was promised to her by the universities.

33. Plaintiff's reasonable living expenses demonstrate that she is living frugally.

34. The payment required by Plaintiff's ICR Plan clearly demonstrates Plaintiff's inability to repay the Student Loans.

35. Plaintiff finances show that she has no surplus income to be able to make any payments toward the student loans.

# CLAIM FOR RELIEF

# DISCHARGE OF FEDERAL STUDENT LOAN DEBTS
# PURSUANT TO SECTION 523(a)(8)(A)(i)
# (AGAINST ALL DEFENDANTS)

36. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1-24, inclusive, as though fully set forth herein.

37. Plaintiff incurred the Student Loan Debt from Defendant for educational purposes, including but not limited to, the cost of attendance at the respective institutions.

38. The student loans made by Defendant to plaintiff are insured or guaranteed by a governmental unit or made under a program funded by a governmental unit or nonprofit institution.

39. Repayment of the Student Loan Debt would result in an undue hardship for Plaintiff because Plaintiff cannot maintain a minimal standard of living, if required to repay these loans based on her current and future income and expenses.

40. The standard for assessing undue hardship is the so-called *Brunner Test*, derived from *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir. 1987). Under the Brunner Test, a bankruptcy court must find that the debtor has established that (1) the debtor cannot maintain a minimal standard of living if required to repay the student loan, (2) circumstances exist that indicate the debtor's financial situation is likely to persist into the future for a significant portion of the loan repayment period, and (3) the debtor has made good faith efforts in the past to repay the student loan. *Id.* At 396.

41. Additionally, courts have employed the "totality of circumstances" test to determine whether repayment of student loan would cause an undue hardship. *In re Long*, 322 F.3d 549, 533 (8th Cir. 2003). This test looks to: (1) The Debtor's past-present and reasonably reliable future financial resources; (2) A calculation of the Debtor's and their dependents' reasonably necessary living expenses; and (3) Any other relevant facts and circumstances surrounding each particular bankruptcy case. *Id.*

42. Plaintiff has participated in an income contingent repayment plan and has obtained several deferments, proving an indicium of good faith attempts and intent to repay the loans.

43. Plaintiff in Good Faith has made all reasonable attempts to maximize her income and minimize her expenses prior to filing bankruptcy.

44. Because additional circumstances are present, including but not limited to Plaintiff being a single mother, having a young child to care for, working more than 40 hours to try and cover her expenses, the undue hardship in repaying the Student Loan Debt is, and will continue to persist beyond the repayment period of the Student Loan Debt.

45. Plaintiff has searched other areas for higher paying jobs but has found no positions that would result in higher disposal income.

46. Plaintiff is unable to reasonably reduce her already frugal monthly living expenses.

47. Based on Plaintiff's financial condition, it would be unconscionable to require her to repay the Student Loans or expect her to substantially increase her income or reduce her monthly expenses.

48. Given the amount of Student Loan Debt and the required payments, Plaintiff's meager financial condition will continue for a period well beyond the reasonable period she could work.

49. Plaintiff's ongoing financial condition, including never earning sufficient money to be able to propose a repayment plan, prevents any reasonable likelihood of Plaintiff ever being able to repay the Student Loan Debt.

50. Under the Totality of Circumstances, discharge of Student Loan Debt is appropriate given the permanent circumstances that give rise to Plaintiff's Complaint.

51. Plaintiff is unable to generate further income than what she presently earns.

52. On November 17, 2022, the U.S. Department of Justice and Department announced a fairer and more accessible bankruptcy discharge process for student loans.

53. Plaintiff shall timely complete and submit the Attestation Form required under the new guidance to further evidence the foregoing.

**WHEREFORE,** Plaintiff prays for the judgment as follows:

1. The Student Loan Debt owed to Defendant by Plaintiff is discharged.
2. For such other and further relief as the Court deems just and proper.

Dated: July 11, 2024                                    LAW OFFICES OF NEIL E. SCHWARTZ

_____
Neil E. Schwartz
Attorney for Plaintiff

-7-
COMPLAINT